UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD V. POSTMA, JR.,<br><br>  Plaintiff,<br><br>vs.<br><br>STEPHEN VAN GOOR, Bar Counsel, MARK WOELBER, Assistant Bar Counsel; and JOHN/JANE DOES 1 to 5 (other as-of-yet unidentified state actors), all individually,<br><br>  Defendants. | Case No. 3:14-cv-00022-RRB<br><br>**ORDER REGARDING MOTIONS<br>AT DOCKETS 18, 25, and 29** |

At **Docket 18** Defendants Stephen Van Goor and Mark Woelber moved for summary judgment. Plaintiff Richard V. Postma has opposed the motion[1] and Defendants have replied.[2] At **Docket 25** Plaintiff has cross-moved for summary judgment. Defendants have opposed Plaintiff's cross-motion[3] and Plaintiff has replied.[4] The Court has determined that oral argument would not materially assist in resolving the issues presented.

---

[1]  Docket 24.

[2]  Docket 30.

[3]  Docket 30.

[4]  Docket 33.

Accordingly, Plaintiff's Request for Oral Argument at **Docket 29** is **DENIED**[5] and the matter submitted for decision on the briefs.

I.  **BACKGROUND/JURISDICTION**

Postma, an attorney admitted to practice in Alaska, seeks declaratory relief, injunctive relief, and damages in his favor against Bar Counsel and Assistant Bar Counsel acting in their individual capacities under 42 U.S.C. §§ 1981 and 1983.[6] This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

Postma's action arises out of an application filed by Defendants with the Alaska Supreme Court seeking an order: (1) compelling Postma to submit to a full independent psychological evaluation to determine his fitness to practice law; and (2) placing Postma on interim disability inactive status pending the result of the psychological evaluation. Postma contends that the actions of Defendants give rise to three causes of action. First, a violation of his rights under the First Amendment to speak in his own defense, to contract with clients in the pursuit of his lawful avocation, and a deprivation of his federally created rights in a law license without due process of law or in retaliation for the exercise of his federally protected rights. Second, that the actions of the Defendants have placed an unlawful prior restraint on Postma's right to publicly speak in his defense. Third, Defendants' action constitute a bill of attainder.

---

[5]  D.Ak. LR 7.2(a)(3)[B].

[6]  Although it may have been unclear in the Amended Complaint, Postma has made clear that he is suing Defendants solely in their individual, not official, capacities. *See* Opposition to Motion for Summary Judgment, and Memorandum in Support of Cross-Motion for Partial Summary Judgment, Docket 24, pp. 2–3.

As relevant to the pending motions, the undisputed facts are:

1.  January 7, 2014 – Defendants acting on behalf of the Alaska Bar Association ("Bar") filed an application with the Alaska Supreme Court seeking the order described in the immediately preceding paragraph.[7]

2.  February 10, 2014 – Postma opposed the application.[8]

3.  February 11, 2014 – Postma initiated this action.[9]

4.  March 3, 2014 – Defendants filed a petition with the Alaska Supreme Court to transfer Postma to disability inactive status.[10]

5.  March 5, 2014 – Due to the conflict of Bar Counsel in this matter, the Executive Director of the Bar appointed Bruce Bookman as Special Bar Counsel to pursue the competency proceeding before the Alaska Supreme Court.[11]

6.  March 20, 2014 – Postma answered the Petition.[12]

7.  March 17, 2014 – The Alaska Supreme Court denied without prejudice the Bar's request to transfer Postma to disability inactive status, but directed Postma to

---

[7] Amended Complaint, Exh. 1. Docket 5-1.

[8] Amended Complaint, Exh. 2. Docket 5-2.

[9] Complaint. Docket 1.

[10] Cross-Motion for Partial Summary Judgment, Exh. 15. Docket 25-17.

[11] Cross-Motion for Partial Summary Judgment, Exh. 14. Docket 25-16.

[12] Cross-Motion for Partial Summary Judgment, Exh. 16. Docket 24-17.

respond to the Bar's request to order Postma to submit to a comprehensive psychological examination.[13]

8.      March 25, 2014 – Postma responded to the March 17 Alaska Supreme Court order.[14]

9.      March 28, 2014 – The Alaska Supreme Court declined to impose sanctions on Bar Counsel for allegedly breaching the confidentiality of the grievance proceeding. In so doing, the Alaska Supreme Court noted that Bar Counsel were properly exercising their investigative powers conferred under the Alaska Bar Rules.[15]

10.     April 16, 2014 – The Alaska Supreme Court, noting that it had denied the request to place Postma on interim disability inactive status, nonetheless granted the request of the Alaska Bar Association that Postma submit to a comprehensive psychological evaluation to determine whether or not Postma is unable to continue to practice law by reason of mental infirmity.[16] These proceedings remain open.

## II.    ISSUE PRESENTED

Whether or not Defendants are entitled to immunity from suit.

## III.   STANDARD

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the

---

[13]    Memorandum in Support of Motion for Summary Judgment, Exh A.  Docket 20-1.

[14]    Cross-Motion for Partial Summary Judgment, Exh. 13.  Docket 25-15.

[15]    Memorandum in Support of Motion for Summary Judgment, Exh B.  Docket 20-2.

[16]    Cross-Motion for Partial Summary Judgment, Exh. 17.  Docket 24-18.

moving party is entitled to judgment in its favor as a matter of law.[17] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[18] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial.[19] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[20] Material facts are those which may affect the outcome of the case.[21] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[22] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a

---

[17] Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[18] Fed. R. Civ. P. 56(e).

[19] *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[21] *Id*.

[22] *Id*.

judge, [when] he is ruling on a motion for summary judgment."[23] The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[24] The moving party has the burden of showing there is no genuine issue of material fact; therefore, he bears the burden of both production and persuasion.[25] The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.[26] There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[27]

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.[28] Instead, it generally accepts as true statements made under oath.[29] However, this rule does not apply to conclusory statements

---

[23] *Id*. at 255.

[24] *Id.*

[25] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

[26] *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

[27] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[28] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[29] *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005).

unsupported by underlying facts,[30] nor may the court draw unreasonable inferences from the evidence.[31]

IV. **DISCUSSION**

Postma's lawsuit runs up against two bedrock principles of federal jurisprudence. First, Bar Counsel in pursuing their duties are entitled to quasi-judicial immunity from monetary damages.[32] This Court agrees with Defendants that the recent decision in *Lacy*[33] cited by Postma has no application in this case. As Defendants correctly point out, the Ninth Circuit in *Lacy* carved out a narrow exception to prosecutorial immunity based upon the fact that, by issuing the grand jury subpoenas without first obtaining authorization from the grand jury, the prosecutor in *Lacey* had side-stepped or avoided the judicial process. In the case *sub judice*, Defendants were working *within* the judicial process. Postma's argument that the Alaska Supreme Court was acting within its *regulatory* capacity, not its judicial capacity is a semantical difference without a substantive basis. When the Alaska Supreme Court promulgates rules governing the conduct of attorneys, it is unquestionably acting in a regulatory manner. On the other hand, when it is acting on complaints seeking

---

[30] *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990).

[31] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir. 1988).

[32] *See Hirsch v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 715 (9th Cir. 1995) (citing *Butz v. Economou*, 439 U.S. 478, 511–17 (1978)).

[33] *Lacy v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc).

the imposition of sanctions for violation of those rules, it is just as clearly acting in an adjudicatory capacity.[34]

Postma argues that in pursuing the proceedings before the Alaska Supreme Court Defendants are acting *ultra vires* because they did not follow the rules by failing to obtain the requisite authorization under Alaska Bar Rules 22(e) and 25(d) (both of which refer to disciplinary, not disability proceedings). In making this argument, Postma overlooks Alaska Bar Rule 30(b), which provides: "Upon petition of Bar Counsel for good cause shown, the Court may order the Respondent to submit to a medical and/or psychological examination by a Court-appointed expert." Rule 30(c) by its very language referring to the stay of any pending disciplinary indicates that competency proceedings may be initiated directly by Bar Counsel independent of any disciplinary proceeding. Even if the Court were to accept that theory, because the Alaska Supreme Court denied the request that Postma be suspended pending a hearing and has granted a hearing on Postma's continued fitness to practice law, Postma has suffered neither a constitutional deprivation nor any compensable harm.[35] Finally, in ordering Postma to undergo psychological evaluation, the Alaska Supreme Court

---

[34] *See Disciplinary Matter Involving Beconovich*, 884 P.2d 1080, 1082 (Alaska 1994) (noting that the review of the findings, conclusions, and recommendations of bar committees in disciplinary matters is an adjudicatory function).

[35] Postma's argument that he has suffered humiliation, impairment of his reputation, loss of income, etc., as a result of Defendants' acts is completely devoid of merit. Under Alaska law, competency proceedings against members of the Alaska bar are confidential, not subject to public review. Alaska Bar Rule 30(b). To the extent Postma may be the subject of adverse consequences as a result of the pending competency proceedings, other than being deprived of the privilege to practice law, it is because he, and he alone, has elected to make those proceedings a matter open to the public. In short, any indirect "harm" Postma has suffered as a result of Defendants' actions is self-inflicted.

has at least implicitly determined that Defendants properly brought the matter before it for resolution. Review of that determination is beyond the purview of this Court.[36]

Second, although not immune from injunctive relief, to enjoin Bar Counsel from pursing the competency matter would effectively be tantamount to enjoining the Alaska Supreme Court from conducting a proceeding to determine the fitness of a person to practice law before it. Under the *Younger* abstention doctrine,[37] this the Court cannot do.[38] The question of declaratory or injunctive relief is further clouded by the fact that the record indicates that the Defendants are no longer responsible for pursuing the competency proceedings before the Alaska Supreme Court, thereby rendering any issue, other than damages as against them, moot.

The Court has considered all other arguments raise by Postma and finds them to be either irrelevant to the determination of the pending motions or without merit.

## V.     CONCLUSION/ORDER

Postma is not entitled to relief on his complaint under any theory. Accordingly, Defendants' Motion for Summary Judgment at **Docket 18** is **GRANTED**. Plaintiff's Cross-Motion for Partial Summary Judgment at **Docket 25** is **DENIED**.

---

[36]     *See Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 606–07 (9th Cir. 2005) (noting that while district courts have jurisdiction over challenges to state bar rules, they lack jurisdiction over acts of the state courts relating to the admission, discipline, and disbarment of members) (citing and quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16, 486 (1983)).

[37]     *Younger v. Harris*, 401 U.S. 37 (1971); *see Sprint Commc'n, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (noting that the *Younger* abstention doctrine extends to civil enforcement actions and civil proceedings involving orders that are uniquely in the furtherance of the state court's ability to perform its judicial function).

[38]     *See Hirsch*, 67 F.3d at 712–13.

The Complaint on file herein is hereby **DISMISSED** in its entirety, with prejudice, and judgment entered thereon in favor of the Defendants.

Defendants are entitled to recover costs and attorney fees.[39]

The Clerk of the Court is directed to enter judgment accordingly and to transmit a copy of this Order and the Judgment to the Clerk of the Alaska Supreme Court.

**IT IS SO ORDERED** this 22nd day of May 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[39] 42 U.S.C. § 1988(b); Fed. R. Civ. P. 54(d); D.Ak. LR 54.3.